UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C. CUNNINGHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. PERDROZA, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00041-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE PROCEED ONLY ON PLAINTIFF'S FAILURE-TO-PROTECT CLAIMS AGAINST DEFENDANTS J. PERDROZA, S. SOVOIE, AND D. MENDEZ, AND THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DEEMED WITHDRAWN<br><br>(ECF Nos. 1, 7, 8, 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　Plaintiff L.C. Cunningham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed on January 9, 2023. (ECF Nos. 1, 6). Plaintiff alleges that Defendants, who are correctional officers at Kern Valley State Prison (KVSP), have verbally harassed him, failed to protect him from other inmates' verbal harassment, and refused to let him out of his cell at "pill call." Based on these allegations, Plaintiff asserts deliberate-indifference, failure-to-protect, and state-tort claims.

1

On February 24, 2023, the Court screened Plaintiff's complaint and concluded that only Plaintiff's failure-to-protect claims against Defendants J. Perdroza, S. Sovoie, and D. Mendez should proceed based on his allegations that these Defendants labeled him a "snitch." (ECF No. 7). The Court explained why the complaint otherwise failed to state any claims and gave Plaintiff thirty days to either file (1) a notice to go forward on his cognizable claims, (2) an amended complaint; or (3) a notice to stand on his complaint and have it reviewed by a district judge.

Plaintiff filed a first amended complaint dated February 25, 2023, which strongly suggested that he prepared and mailed it before he received the Court's screening order. (ECF No. 8). Accordingly, the Court issued an order on March 3, 2023, noting that it would take no action on the first amended complaint until it heard further as to how Plaintiff wished to proceed. (ECF No. 9). Notably, the Court stated that, if Plaintiff timely filed a notice to proceed on his cognizable claims, it would treat Plaintiff's first amended complaint as withdrawn, meaning that it would assume that Plaintiff did not wish to proceed on it. On March 9, 2023, Plaintiff filed a notice sating that he wanted to proceed only on his failure-to-protect claims against Defendants J. Perdroza, S. Sovoie, and D. Mendez. (ECF No. 10).

Accordingly, for the reasons set forth in the Court's screening order that was entered on February 24, 2023 (ECF No. 7), and because Plaintiff has notified the Court that he wants to proceed on the claims that the Court found should proceed past screening (ECF No. 10), IT IS RECOMMENDED that all claims and Defendants be dismissed, except for Plaintiff's failure-to-protect claims against Defendants J. Perdroza, S. Sovoie, and D. Mendez based on Plaintiff's allegations that these Defendants labeled him a "snitch." Further, IT IS RECOMMENDED that Plaintiff's first amended complaint (ECF No. 8) be deemed withdrawn.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

    Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **March 13, 2023**           /s/ *Erica P. Grosjean*
                                                                             UNITED STATES MAGISTRATE JUDGE