UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C. CUNNINGHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>J. PERDROZA, et al.,<br><br>        Defendants. | Case No. 1:23-cv-00041-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED, WITHOUT PREJUDICE<br><br>(ECF No. 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff L.C. Cunningham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. There are pending findings and recommendations to allow Plaintiff's failure-to-protect claims against Defendants J. Perdroza, S. Sovoie, and D. Mendez to proceed based on Plaintiff's allegations that these Defendants labeled him a "snitch." (ECF Nos. 7, 12). While the Court has recently authorized service, no Defendant has yet been served or has appeared in this case. (ECF No. 13).

Now before the Court is Plaintiff's "declaration" and "order to show cause" which seeks a preliminary injunction and temporary restraining order.[1] (ECF No. 15). The Court construes this

---

[1] For readability, minor alterations, such as altering capitalization and correcting misspellings, have been made without indicating each change.

1

filing as a motion for a preliminary injunction and a motion for a temporary restraining order. Based on Defendants having not yet been served, Plaintiff's failure to satisfy the requirements of Federal Rule of Civil Procedure 65, and the lack of a relationship of some of the allegations to this case, the Court will recommend that the motion for a preliminary injunction and a motion for a temporary restraining order be denied without prejudice.

## I. SUMMARY OF PLAINTIFF'S FILING

Plaintiff's filing mostly repeats the allegations from his complaint—that Defendants verbally harassed him and failed to protect him from other inmates' verbal harassment. However, Plaintiff states that, a few months after he filed this lawsuit, his "tablet," which contains his personal communications, was "tapped and given to the inmates for inmates to control [his] phone calls, text messages, and all other information containing [his] and [his] family's own personal use." (ECF No. 15, p. 2). Additionally, "the Defendants [] tapped [his] TV, blew out [his] hot pot and fan to allow the building inmates to taunt [him] loudly over the tier all day and night." Plaintiff seeks the Court to order Defendants to stop harassing him.

## II. LEGAL STANDARDS

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983); s*ee Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

A temporary restraining order may issue without written or oral notice to the adverse party or its attorney only if:

    (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

Under Federal Rule of Civil Procedure 65(d)(2), an order granting an injunction or a restraining order bind only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). And a Plaintiff seeking a preliminary injunction or temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Cahill v. Bank of Am.*, NA, No. 2:11-CV-01688-MCE, 2011 WL 2633787, at *1 (E.D. Cal. July 5, 2011) ("In general, the showing required for a temporary restraining order is the same as that required for a preliminary in[j]unction."). "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

### III. ANALYSIS

The Court will recommend that Plaintiff's motion for injunctive relief be denied. While the Court has issued findings and recommendations to allow Plaintiff's failure-to-protect claims against Defendants J. Perdroza, S. Sovoie, and D. Mendez to proceed based on Plaintiff's allegations that these Defendants labeled him a "snitch," none of these Defendants have been served. *See Robertson v. Kaiser-Nevel*, No. 20-02523 BLF, 2021 WL 629318, at *1 (N.D. Cal. Jan. 4, 2021) ("Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided

until the parties to the action are served."); *Waterbury v. Scribner*, No. 1:05-cv-000764-LJO DLB, 2007 WL 781877, at *1 (E.D. Cal. Mar. 13, 2007) ("Plaintiff is not entitled to preliminary injunctive relief until such time as the named defendants have been served with the summons and complaint.").

A temporary restraining order may be granted without written or oral notice to the adverse party only if (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and (2) the movant's attorney (or Plaintiff in this case as he is appearing *pro se*) certifies in writing any efforts made to give notice and the reasons why it should not be required. However, Plaintiff has not satisfied both requirements here.

Additionally, the Court notes that Plaintiff has filed a notice stating that he wants to proceed on only the claims the Court found cognizable against Defendants J. Perdroza, S. Sovoie, and D. Mendez. (ECF No. 10). Yet, Plaintiff's filing appears to also seek relief as to the claims he concedes should be dismissed against Defendants Dias and Gonzales. *See Robertson*, 2021 WL 629318, at *1 ("[A] plaintiff is not entitled to an injunction based on claims not pled in the complaint.").

Lastly, Plaintiff fails to establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Glossip*, 576 U.S. at 876.

**IV. RECOMMENDATIONS**

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction and motion for a temporary restraining order (ECF No. 15) be denied without prejudice.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within

fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 27, 2023**                            /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE