|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| L.C. CUNNINGHAM, | 1:23-cv-00041-NODJ-EPG (PC) |
| --- | --- |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR ACCESS TO LEGAL RESOURCES BE DENIED |
| J. PERDROZA, et al., | |
| Defendants. | (ECF No. 39) |
| | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

**I.     BACKGROUND**

Plaintiff L.C. Cunningham is a state prisoner proceeding *pro se* and *in forma paupers* in a civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 6). On November 14, 2023, Plaintiff submitted a filing, stating that he requested access to the law library but has not received any response. (ECF No. 39). Further, he claimed that he has been denied envelopes and blank writing paper. Plaintiff indicated that the denial of legal resources is affecting his ability to litigate this case. Plaintiff asks if there is anything the Court can do to help him.

The Court construes this filing as a motion for access to legal resources made under the All Writs Act.

Defendants filed a response, supported by declarations from the Warden, Litigation Coordinator, and Librarian of Plaintiff's prison, on November 29, 2023, stating as follows:

> Plaintiff has not attempted to use the law library through the walk-up procedure within the last 90 days and has not submitted a Priority Library User Request and Declaration since January 2021. Moreover, Plaintiff has the ability to perform legal research on his state-issued tablet using the same Lexis Nexis-based program

1

> he is entitled to use in the law library. Finally, Plaintiff currently has $50 available for personal use in his trust account. Inmates are not provided with free writing paper or envelopes when they have available funds to use toward those items. Inmates are only provided with indigent envelopes, paper, and stamps when they have less than $5 in their trust account. Plaintiff is free to purchase envelopes and blank writing paper at any time with his available funds.

(ECF No. 44, p. 2).

Plaintiff filed a reply on December 11, 2023. (ECF No. 48). Plaintiff states that he tried to use the library in September and "wanted to use the Library window which [he] prefer[s] over the walk up logs"; however, he "was not called to use the window." (*Id.* at 1). Plaintiff states that he cannot use his tablet for legal research and attaches a grievance complaining about his "tablet charger going out." (*Id.* at 3).

## II.     ANALYSIS

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). *See also Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); *Lopez v. Cook*, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v.*

*Gilmore*, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

The Court recommends that Plaintiff's motion be denied because Plaintiff has failed to show that prison officials are impeding him from litigating this action. Plaintiff has failed to offer sufficient evidence that prison officials are withholding legal resources. As to Plaintiff's ability to access the law library, while Plaintiff appears to contest his ability to access the law library in the manner he prefers, he does not appear to contest Defendants assertion that he has not attempted to use "the walk-up procedure" and has not submitted a Priority Library User Request and Declaration. Moreover, Plaintiff does not contest that he has sufficient money in his account to purchase legal supplies.

In short, Plaintiff has not shown the presence of critical and exigent circumstances justifying the sparing use of injunctive relief permitted under the All Writs Act.[1]

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED that Plaintiff's motion for access to legal resources (ECF No. 39) be denied.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
IT IS SO ORDERED.

Dated:    **December 12, 2023**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this order prevents Plaintiff from filing administrative grievances or a separate case if he believes his constitutional rights have been violated by prison officials' interference with his access to the Courts.